IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NAUTILUS INSURANCE COMPANY,      *
                                 *
          Plaintiff,             *
                                 *
vs.                              *       No. 1:08cv0027 SWW
                                 *
                                 *
                                 *
NORTH ARKANSAS WOOD, INC.;       *
JO ANN PETRAY; AND DELTIC        *
TIMBER CORPORATION,              *
                                 *
          Defendants.            *

<u>MEMORANDUM AND ORDER</u>

Nautilus Insurance Company ("Nautilus") brings this complaint for declaratory judgment against North Arkansas Wood, Inc. ("NAW"), Jo Ann Petray ("Petray"), and Deltic Timber Corporation ("Deltic"), seeking a determination that polices of insurance it issued to NAW and Pretray afford them no coverage with respect to claims made against them by Deltic in underlying litigation in state court. The matter is before the Court on motion of Nautilus for summary judgment [doc.#30]. NAW and Petray have responded in opposition to Nautilus's motion and Nautilus has filed a reply to NAW's and Petray's response. For the reasons that follow, the Court grants Nautilus's motion for summary judgment.

I.

Deltic is a Delaware corporation engaged *inter alia* in the production of timber in Arkansas. NAW is an Arkansas corporation that operates as a large volume broker of wood. Petray in an Arkansas resident and the President of NAW.

Nautilus issued numerous policies of insurance to NAW beginning in 2001 and

continuing up to November 2007.  All of the policies exclude coverage for *inter alia* "'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

On July 18, 2007, Clemons Timber, Inc. ("CTI") filed a complaint in the Circuit Court of Cleburne County, Arkansas against Deltic, styled *Clemons Timber, Inc., v. Deltic Timber Corporation v. Tracy Clemons, Celina Clemons, Jo Ann Petray and North Arkansas Wood, Inc.* (hereinafter the "underlying action").  CTI alleged that it was a logger working as an independent contractor for the last 10 years, that CTI harvested timber on Deltic's land and sold the cut timber to sawmills, that Deltic paid CTI according to the mill invoices, and that certain invoices submitted by CTI to Deltic had not been paid.

Deltic filed an answer to the complaint, asserting that it withheld payment to CTI pursuant to a setoff because CTI had converted Deltic's property and breached its contract with Deltic.  In addition, Deltic filed a third-party complaint against NAW, Petray, and others in the underlying action.  Deltic alleges that third-party defendants Tracy Clemons (Petray's son), Celina Clemons, NAW and Petray misappropriated timber belonging to Deltic by delivering portions of timber harvested from Deltic's land to mills and representing that the timber belonged to third-party defendants and/or to other third parties.  Deltic alleges several theories of recovery against NAW and Petray, including conversion, trespass to chattels, trespass, tortious interference with contractual relationships, civil conspiracy and unjust enrichment.

Nautilus states that Deltic's investigation into the matter – the "Clemmons Timber Investigation" – revealed that CTI was removing some loads of timber owned by Deltic for which CTI failed to account to Deltic.  Nautilus states that Deltic learned that drivers for CTI were delivering loads of timber to mills other than those to which Deltic had authorized delivery,

2

using fictitious driver names and representing that the timber was owned by NAW.

On October 8, 2009, a federal Grand Jury returned a 65-count Indictment against Tracy Clemons, alleging *inter alia* that CTI would deliver timber harvested from Deltic's tracts to unauthorized mills and identify the timber as being brokered through NAW.  The indictment alleges Clemons or his wife would deliver to Clemons' mother (Petray) at NAW the scale tickets from the diverted deliveries, and NAW would then issue payments to CTI based on the tonnage recorded on the scale tickets and settlement reports, keeping a brokerage fee for NAW.

Petray appeared before a federal grand jury in July 2009 and gave testimony and hadwritten exemplars.  Petray has not been indicted or charged with a criminal offense and she and NAW deny any involvement in the alleged misappropriation of Deltic's timber.

Nautilus is presently defending NAW and Petray in the underlying action under a reservation of rights.

## II.

Nautilus moves for summary judgment on grounds *inter alia* that the exclusion for expected or intended injury is applicable and excludes coverage.  Nautilus argues there are no genuine issues of material fact with respect to this issue and that it is entitled to summary judgment as a matter of law.

## A.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to

3

support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Once the moving party has properly supported its motion for summary judgment, the nonmoving

party must "do more than simply show there is some metaphysical doubt as to the material

facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The nonmoving

party may not rest on mere allegations or denials of his pleading, but "must come forward with

'specific facts showing ... a *genuine issue for trial*.'"  *Id*. at 587 (quoting Fed.R.Civ.P. 56(e) and

adding emphasis).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The

inferences to be drawn from the underlying facts must be viewed in the light most favorable to

the party opposing the motion.  *Matsushita,* 475 U.S. at 587 (citations omitted).  However,

"[w]here the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no 'genuine issue for trial.'"  *Id*. (citation omitted).  "Only disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  "Factual disputes that are

irrelevant or unnecessary will not be counted."  *Id.*

## B.

In examining the duty to defend, the general rule is that the allegations in the pleadings

against the insured determine the insurer's duty to defend.  *Murphy Oil USA, Inc. v. Unigard*

*Security Insurance Co.*, 347 Ark. 167, 175-76, 61 S.W.3d 807, 812-13 (2001) (citations omitted).

Additionally, the duty to defend is broader than the duty to indemnify.  *Id*.  The duty to defend

arises when there is a possibility that the injury or damage may fall within the policy coverage.

*Id*.  *See also Madden v. Cont'l Cas. Co.*, 53 Ark.App. 250, 254, 922 S.W.2d 731, 734 (1996) ("It

is the allegations made against the insured, however, groundless, false, or fraudulent such

allegations may be, that determine the duty of the insurer to defend the litigation against its

insured.").  Courts must resolve any doubt in favor of the insured in determining whether a

complaint states a claim within the policy coverage.  *Murphy Oil*, 347 Ark. at 178, 61 S.W.3d at

814; *Mattson v. St. Paul Title Co. of South*, 277 Ark. 290, 293, 641 S.W.2d 16, 18 (1982).

Courts are not, however, required by the rules of contractual construction to stretch their

imaginations to create coverage where none exists.  *Pate v. U.S. Fid. & Guar. Co.*, 14 Ark.App.

133, 136, 685 S.W.2d 530, 532 (1985).

1.

As previously noted, the policies of insurance at issue exclude coverage for "'Bodily

injury' or 'property damage' expected or intended from the standpoint of the insured."  Deltic

alleges in the third-party complaint filed against NAW and Petray in the underlying action that

NAW and Petray intentionally and repeatedly participated in the misappropriation of timber

belonging to Deltic and the receipt of profits resulting from the misappropriation.  Given these

unequivocal allegations of intentional conduct, Nautilus has no duty to defend under the policies'

expected-or-intended-injury exclusion; a plain ordinary person would expect and intend that

damages to Deltic would result from such intentional misappropriation.

NAW and Petray, however, argue that Deltic stated in one paragraph (¶ 22) of the 84-

paragraph third-party complaint that Petray "knew or should have known of the existence and

impropriety of the transactions alleged by Deltic" and that this allegation sounds in negligence,

thus requiring Nautilus to provide a defense.  The Court finds, however, that the third-party

complaint against NAW and Petray in the underlying action does not allege negligence on the

part of NAW or Petray, despite the one sentence concerning "knew or should have known," but

5

is made up solely of allegations that NAW and Petray intended to harm Deltic.  *Cf. Fisher v. Travelers Indem*. Co., 240 Ark. 273, 275-76, 398 S.W.2d 892, 893-94 (1966) (noting in insurance coverage case that "[i]t is evident that the nature of this tort action was not changed by the use of the word 'negligently' one time" and that "[f]rom an examination of the complaint and the 'quality and purpose of the transaction as a whole' it is obvious that [the plaintiff] ... was seeking both compensatory and punitive damages "for an alleged willful and intentional act committed upon him by the insured."); *Continental Cas. Co. v. Moser*, No. 4:05cv00979 JLH, 2006 WL 827319, at *5 (E.D.Ark. Mar. 29, 2006) ("Although [the] complaint uses the term 'negligence,' the real character of the tort alleged in this case is intentional misrepresentation.").[1] "Unequivocal assertions that an insured created or intentionally inflicted damages release the insurer from its duty to defend."  *Clemons Timber, Inc. v. American Interstate Ins. Co.*, 2009 Ark.App. 232, 2009 WL 864051, at *2 (2009) (applying same expected-or-intended-injury exclusion).[2]

Although NAW and Petray deny wrongdoing, their subjective beliefs do not alter the definitive assertions of intentional conduct in Deltic's third-party complaint.  *Id*. 2009 WL 864051, at *3.  Rather, the posture of Deltic's third-party complaint is evident from its allegations – it seeks damages for NAW's and Petray's intentional wrongful conduct.  That being the case, Nautilus has no duty to defend NAW and Petray in light of the policies' expected-or-

---

[1]  In addition, Deltic stated in response to discovery that it "has not sought damages under any theory that involves negligent actions in its case against CTI, Mr. Clemons, Mrs. Clemons, Jo Ann Petray, and NAW" in the underlying action.

[2]  *Clemons Timber, Inc. v. American Interstate Ins. Co.* is a parallel coverage case and involves the alleged actions at issue in this case.

intended-injury exclusion.  *See id.*[3]

### III.

For the foregoing reasons, the Court grants the motion [doc.#30] of Nautilus Insurance Company for summary judgment.  Judgment will be entered accordingly.[4]

IT IS SO ORDERED this 17th day of December 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Because the policies' exclusion for expected or intended injury excludes coverage, the Court need not address the other grounds for summary judgment asserted by Nautilus.

[4] Given the Court's disposition of this matter, the Court *sua sponte* dismisses Deltic as a defendant.